UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CHRIS TOWNE                                              CIVIL ACTION

v.                                                       NO. 11-1884

GEE CONSTRUCTION, LLC, ET AL.                            SECTION "F"

ORDER AND REASONS

Before the Court is the plaintiff's motion to enforce settlement. For the reasons that follow, the motion is GRANTED.

## Background

This litigation arises out of the alleged exclusion by two members of a limited liability company of the third member.

On August 4, 2011 Chris Towne sued Terry W. Gee, Jr., Robyn Foster, and the construction company the three had formed, Gee Construction, LLC. Towne alleged that he contributed 100 per cent of the company's capital when he made a $60,000 contribution to form Gee Construction. Nevertheless, Towne alleged, Gee and Foster withdrew monies from the company that were not due them, excluded Towne from the finances of the company, and blocked Towne from receiving any funds due to him. In filing suit, Towne sought to

1

recover damages for Gee and Foster's negligent and unethical conduct.

A couple months after the defendants answered Towne's complaint and asserted a counterclaim, the parties participated in a mediation.  They settled their dispute.  Having been advised of the settlement, the Court entered an order of dismissal, dismissing the lawsuit without prejudice, and retaining jurisdiction to enforce the settlement agreement.  The parties executed their settlement agreement on May 15, 2012; in exchange for a total payment of $35,000, Towne agreed to release his claims against the defendants.  The payment schedule contained in the settlement agreement mandates that the defendants pay Towne $10,000 by July 16, 2012.  The remaining $25,000 is to be paid to Towne as follows:

> commencing as of the fiscal year May 15, 2012-May 14, 2013, 1/6 of the annual profits of the Company, guaranteed by Company to be a minimum payment of $5000 per year, payable annually beginning May 15, 2013, until the total amount of the remaining $25,000.00 is reached.

Foster and Gee personally guaranteed the $35,000 payment by the company.

The defendants paid the first $10,000 payment in accordance with the agreement.  However, when the defendants were overdue on their next payment, plaintiff's counsel wrote to defendants' counsel to advise them of this fact.  To date, the defendants have not made any additional payments to the plaintiff.

Towne now seeks to enforce the settlement agreement; he

additionally seeks an award of interest from the date the payment was due, until paid in full, and seeks all costs and attorney's fees in pursuing enforcement of the agreement.

I.

This Court has inherent power to recognize, encourage, and enforce settlement agreements. <u>Bell v. Schexnayder</u>, 36 F.3d 447, 449-50 (5th Cir. 1994)(citations omitted). Federal courts sitting in diversity apply state law when determining the validity of settlement agreements, so long as none of the substantive rights and liabilities of the parties derive from federal law. <u>See</u>, <u>e.g.</u>, <u>Lefevre v. Keaty</u>, 191 F.3d 596, 598 (5th Cir. 1999). Here, where the plaintiff asserted state law claims, the Court looks to state law to determine whether to enforce the settlement agreement.

*A.*

Louisiana law provides:

> A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship.

La. Civ. Code art. 3071. Compromises are favored in the law and the burden of proving the invalidity of such an agreement is on the party attacking it. <u>Elder v. Elder & Elder Enterprises, Ltd.</u>, 948 So.2d 348, 351 (La.App. 4 Cir. 2007), <u>writ denied</u>, 956 So.2d 616 (La. 5/4/07)(citation omitted). Essential elements of a compromise include: (1) mutual intent to put an end to the litigation; and (2)

reciprocal concessions of the parties in adjustment of their differences.  <u>Rivett v. State Farm Fire and Casualty Company</u>, 508 So.2d 1356, 1359 (La. 1987).

To be valid under Louisiana law, a compromise (and contracts generally) must meet certain statutory requirements, namely offer and acceptance.  Regarding consent, Louisiana Civil Code article 1927 provides:

> A contract is formed by the consent of the parties established through offer and acceptance.
>
> Unless the law prescribes a certain formality for the intended contract, offer and acceptance may be made orally, in writing, or by action or inaction that under the circumstances is clearly indicative of consent.
>
> Unless otherwise specified in the offer, there need not be conformity between the manner in which the offer is made and the manner in which the acceptance is made.

La.Civ. Code art. 1927.  A compromise "shall be made in writing or recited in open court" (La.Civ.Code art. 3072), and "settles only those differences that the parties clearly intended to settle." La.Civ. Code art. 3076.

### B.

The Court's role in interpreting contracts is to determine the common intent of the parties.  La. Civ. Code art. 2045.  In determining common intent, pursuant to Civil Code article 2047, words and phrases used in contract are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning.  See <u>Henry v. South Louisiana</u>

4

Sugars Co-op., Inc., 957 So.2d 1275, 1277 (La. 2007) (citing Cadwallader v. Allstate Ins. Co., 848 So.2d 577, 580 (La. 2003)). "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent" (La. Civ. Code art. 2046), and the agreement must be enforced as written. Hebert v. Webre, 982 So.2d 770, 773-74 (La. 2008).

## II.

It is undisputed that the plaintiff and the defendants entered into a written compromise and that the defendants have failed to comply with terms of the settlement agreement by their failure to remit the second payment due Towne under the parties' agreement.

Based on these undisputed facts, Towne urges the Court to enforce the parties' settlement agreement pursuant to its terms and to award interest and attorney's fees.  For their part, the defendants propose new payment terms, insisting that confronting financial hardships has left them with insufficient funds, thereby undermining their ability to pay in accordance with the settlement agreement terms.

The defendants' newly proposed terms are irrelevant to this Court's task,[1] which is simply to enforce an indisputably valid settlement agreement.  Indeed, Louisiana law favors compromises and

---

[1] Of course modification of the settlement agreement may be accomplished by Mr. Towne's consent, but his reply papers suggest he is not amenable.

5

courts must enforce them as written, unless clear and convincing evidence shows that the compromise is invalid. Jerome v. Duggan, 609 So.2d 1119, 1123 (La.App. 2d Cir. 1992). Here, the parties expressly agreed to "compromise...disputed claims, entered into to avoid the uncertainty of the Lawsuit and expenses related to that." There is no evidence showing that the parties' compromise is invalid. Nor have the defendants attempted to demonstrate any grounds for rescinding the parties' valid agreement.[2] The parties are bound to comply with the agreed-upon terms of their settlement agreement.

The parties' compromise, memorialized in the settlement agreement, demands that defendants pay "1/6 of the annual profits of the company, guaranteed...to be a minimum payment of $5000 per year, payable annually beginning May 15, 2013, until the total amount of the remaining $25,000.00 is reached." These clear and explicit words will be enforced as written. Accordingly, IT IS ORDERED: that the plaintiff's motion to enforce the settlement agreement is GRANTED; the defendants are ordered to make payments consistent with the terms of the agreement, with interest from the

---

[2] On this record, it would be difficult for them to do so. The grounds for rescinding a valid settlement agreement are limited to error, fraud, and other grounds for annulment of contracts; a compromise cannot be rescinded for error of law or lesion. La.C.C. art. 3082.

date due, until paid in full.³

New Orleans, Louisiana, July 22, 2013

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

³To the extent the plaintiff seeks to recover attorney's fees and costs in pursuing his motion to enforce, the Court notes that there is no provision in the parties's settlement agreement providing for recovery of attorney's fees in the event of a breach of the agreement.  Under all the circumstances presented here, the request is DENIED without prejudice.

7