UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


CHRIS TOWNE                                         CIVIL ACTION

v.                                                  NO. 11-1884

GEE CONSTRUCTION, LLC, ET AL.                       SECTION "F"


ORDER AND REASONS

Before the Court is the plaintiff's motion for contempt and entry of judgment and for attorney's fees. For the reasons that follow, the motion is GRANTED.

**Background**

This litigation arises out of the alleged exclusion by two members of a limited liability company of the third member.

On August 4, 2011 Chris Towne sued Terry W. Gee, Jr., Robyn Foster, and the construction company the three had formed, Gee Construction, LLC. Towne alleged that he contributed 100 percent of the company's capital when he made a $60,000 contribution to form Gee Construction. Nevertheless, Towne alleged, Gee and Foster withdrew monies from the company that were not due them, excluded Towne from the finances of the company, and blocked Towne from receiving any funds due to him. In filing suit, Towne sought to recover damages for Gee and Foster's negligent and unethical

conduct.

Soon thereafter, the parties settled their dispute during mediation. Having been advised of the settlement, the Court entered an order of dismissal, dismissing the lawsuit without prejudice, and retaining jurisdiction to enforce the settlement agreement. The parties executed their settlement agreement on May 15, 2012; in exchange for a total payment of $35,000, Towne agreed to release his claims against the defendants.  The payment schedule contained in the settlement agreement mandates that the defendants pay Towne $10,000 by July 16, 2012.  The remaining $25,000 is to be paid to Towne as follows:

> commencing as of the fiscal year May 15, 2012-May 14, 2013, 1/6 of the annual profits of the Company, guaranteed by Company to be a minimum payment of $5000 per year, payable annually beginning May 15, 2013, until the total amount of the remaining $25,000.00 is reached.

Foster and Gee personally guaranteed the $35,000 payment by the company.

The defendants paid the first $10,000 payment in accordance with the agreement.  However, when the defendants were overdue on their next payment (due May 15, 2013), plaintiff's counsel wrote to defendants' counsel to advise them of this fact.  When the defendants still failed to remit payment, the plaintiff requested that the Court enforce the settlement agreement, with interest from the date due until paid in full.  On July 22, 2013 the Court granted the plaintiff's motion. Nevertheless, in spite of this

Court's order, to date, the defendants have failed to remit any payments beyond the initial payment.

Towne now requests that the Court find the defendants in contempt of its July 22, 2013 Order and Reasons and, as sanctions for failure to comply with this Court's order, he requests that the Court order that defendants pay an award of attorney's fees; he also requests that the Court enter judgment reflecting this Court's prior ruling enforce the settlement agreement, updated to include additional amounts that have since come due.

I.

A.

This Court has already exercised its inherent power to enforce the parties' "indisputably valid" settlement agreement. See Order and Reasons dated July 22, 2013.[1]  The defendants were ordered to make payments consistent with the terms of the parties' agreement "with interest from the date due, until paid in full."  The defendants continue to disregard this Court's order by failing to comply with their payment obligations. For this reason, the

---

[1] Indeed, the Court explicitly determined that:

> The parties' compromise, memorialized in the settlement agreement, demands that defendants pay "1/6 of the annual profits of the company, guaranteed...to be a minimum payment of $5000 per year, payable annually beginning May 15, 2013, until the total amount of the remaining $25,000.00 is reached."  These clear and explicit words will be enforced as written.

Id. at 6.

plaintiff now requests that the Court: 1) hold the defendants in contempt of Court; 2) award attorney's fees as a sanction for the defendants' non-compliance; and 3) enter a judgment reflecting this Court's prior and present rulings.  Despite given ample opportunities to respond or explain their failure to comply, the defendants have failed to do so.[2]  Defendants fail even to respond to the plaintiff's present request for sanctions.

*B.*

This Court has broad discretion to impose sanctions in a civil contempt proceeding. As the U.S. Fifth Circuit Court of Appeals has observed

> When a party disobeys a court order, the court uses a civil contempt proceeding to either compel compliance or compensate a litigant for damages resulting from the noncompliance.  Compensatory civil contempt reimburses the injured party for the ... losses flowing from noncompliance and expenses reasonably and necessarily incurred in the attempt to enforce compliance.  An award

---

[2]The plaintiff filed his motion to enforce judgment and for contempt on August 7, 2014, noticing it for submission on September 10, 2014.  The defendants did not respond to the motion.  On September 10, 2014 the Court issued an Order continuing the hearing date on the motion to October 8, 2014, observing that, because the defendants are pro se:

> the Court will permit one opportunity for the defendants to file into the record any argument or evidence on their behalf.  If defendants fail to do so, the Court will grant all the relief requested by the plaintiff, including imposing sanctions on defendants in the amount of attorney's fees incurred in pursuing enforcement of the settlement agreement.

Nevertheless, the defendants have failed to submit any response.

>  of attorney's fees is an appropriate sanction where a
>  party incurs additional expenses as a result of the other
>  party's noncompliance.

Rousseau v. 3 Eagles Aviation, Inc., 130 Fed.Appx. 687, 689 (5th Cir. 2005)(internal quotations, footnotes, and citations omitted). A movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence that (1) a court order was in effect; (2) the order required specified conduct by the respondent; and (3) that the respondent failed to comply with the court's order.  Martin v. Trinity Indus., Inc., 959 F.2d 45, 47 (5th Cir. 1991).  On this record, each of these requirements is clearly met.

For the reasons set forth in this Court's prior orders and this Order and Reasons, the Court finds that civil contempt sanctions are warranted to coerce compliance with this Court's order enforcing the specific terms of the settlement agreement and to compensate the plaintiff for the defendants' continued noncompliance.  As a sanction, the defendants must pay, and the plaintiff is entitled to recover, the plaintiff's attorney's fees incurred in bringing the present motion for contempt and for entry of judgment, as well as his prior motion to enforce settlement.

Accordingly, IT IS ORDERED: that the plaintiff's motion for contempt and entry of judgment and for attorney's fees is GRANTED.[3]

---

[3] Within seven days, the plaintiff shall submit a proposed judgment consistent with this Order and Reasons and incorporating the amounts due and owing pursuant to the settlement agreement, as

New Orleans, Louisiana, October 6, 2014

```
_____
         MARTIN L. C. FELDMAN
     UNITED STATES DISTRICT JUDGE
```

well as the amount of attorney's fees as reflected in the affidavit and accompanying time sheets.